# UNITED STATE DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **Char Mohr,** )<br>)<br>     **Plaintiff,** )<br>v. )     Case No.<br>)<br>**Jotcar, Inc. d/b/a Carney Properties,** )<br>)<br>     **Defendant.** )<br>_____ ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Char Mohr ("Mohr" or "Plaintiff"), sues Defendant, Jotcar, Inc. d/b/a Carney Properties ("Jotcar" or "Defendant"), and alleges:

## JURISDICTION

1. This civil action raises a federal question arising under the laws of the United States, namely: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981a.

2. This Court has original jurisdiction of this civil action under 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for the Plaintiff's following state law claims under: the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760, Florida Statutes; because the claims are so related to the federal claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

4. Plaintiff was a resident of Cape Coral which is located in Lee County, Florida at all times relevant to this action.

5. Plaintiff was employed by Defendant to perform her employment in Lee County, Florida.

6. Defendant's principal place of business is in Cape Coral, which is located in Lee County.

7. At all times relevant, Defendant did business in Lee County, Florida.

8. Defendant has agents, principals, employees and its board conducts business in Lee County, Florida, for the benefit of Defendant.

9. Defendant is presently and was at the time this action was commenced subject to personal jurisdiction in Lee County, Florida

10. A substantial part, if not all, of the events or omissions giving rise to these claims and causes of action occurred in Lee County, Florida.

11. Venue lies in this Court and this District pursuant to 28 U.S.C. § 1391.

## DIVISION

12. Lee County, Florida is in the Fort Myers Division of the United States District Court for the Middle District of Florida.

13. The Fort Myers Division of the United States District Court for the Middle District of Florida has the greatest nexus with this cause of action as the claim in this civil action arose in

Lee County, Florida, and at the time, Plaintiff lived and was employed by Defendant in Lee County, Florida and the Defendant is deemed to have resided in Lee County, Florida.

14. The Fort Myers Division of the United States District Court for the Middle District is the proper division for this civil action pursuant to Rule 1.02(c) of the Rules for the United States District for the Middle District of Florida.

## GENERAL FACTUAL ALLEGATIONS

15. Plaintiff is female.

16. Plaintiff was hired by Defendant on or about November 18, 2013 as an administrative assistant.

17. Plaintiff was sexually harassed and discriminated against continuously because she is a female and was retaliated against for opposing the sex discrimination.

18. Plaintiff was also sexually harassed, discriminated and retaliated against by Defendant based upon her sex in violation of FCRA.

19. Plaintiff was treated different than her male counterparts in that she was constantly harassed and unwanted remarks and/or actions were made towards her putting her in a hostile work environment.

20. The sexual harassment and discriminatory treatment was because she was female, placing her in a hostile work environment causing her severe mental stress.

21. John Carney ("Carney"), the owner of Jotcar, would continuously sexually harass, belittle, humiliate, insult and degrade Plaintiff because she was a female by, for example, but not by way of limitation:

(a) Put his arms around her neck and chest similar to placing her in a head lock and

sticking his tongue out mimicking as if he were licking her in front of others;
(b)     Ask her to feel his muscles;
(c)     Ask her to punch him and make comments that her punches were wimpy;
(d)     Ask her to look at his abs and feel his muscles;
(e)     Ask her to do humiliating tasks such demanding that she run over a pack of buzzards and if she did not do it he would fire her;
(f)     Make numerous comments that she needed to hire some "hot chicks" to have on the construction sites;
(g)     Called her "retarded" in front of others and would state, "I can say whatever I want to Char because she will take it[1];"
(h)     Frequently discussed things in her presence that would make her feel very uncomfortable such as discussions about strip clubs and females; and
(i)     Stated in front of everyone at a bi-weekly meeting that he was going to hold Plaintiff's payroll to prove a point to her, which he eventually did.

22.     Carney did not do and/or state any of the items set forth above to any of her male counterparts as she was the only female subjected to this hostile treatment.

23.     Plaintiff belongs to a protected group; has been subjected to unwelcome sexual harassment; the harassment was based on her sex; the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment such that it created a discriminatorily abusive working environment.

24.     Plaintiff opposed the sexual statements, advances, harassment and comments and would tell him to stop; however, he would continue to demean her, belittle her and threaten to withhold her pay check if she did not submit to his hostile work environment.

25.     Carney's continuous harassment was in such a nature that he was controlling her every day emotions, causing her severe anxiety and mental distress.

---

[1] Carney would make these comments and similar ones in front of males indicating that Mohr will take it because she is a female.

26. Defendant retaliated against Plaintiff because she opposed the discrimination practice by, including, but not limited to, continually harassing her to a greater degree daily and by finally withholding her payroll deposit to prove an alleged point.

27. Carney had no right whatsoever to withhold Plaintiff's payroll check and it should have been deposited; however, he was attempting to gain further control over Plaintiff by creating this sexually discriminatorily abusive working environment.

28. At this point, the harassment was so bad that Plaintiff involuntarily resigned on February 28, 2016 because the hostile work environment became intolerable, if not impossible for her to continue to handle and he was refusing to pay her what she was due.

29. The involuntary resignation was in the nature of a constructive discharge because the working conditions became so intolerable that a reasoanble person in Plaintiff's position would have felt compelled to resign.

30. Due to the above discrimination, Plaintiff suffered damages, including, but not limited to lost wages and mental distress.

31. At all times material herein, Defendant was engaged in an industry affecting commerce and, material to the Title VII and FCRA, had more than 15 employees for each working day in each of 20 or more calendar weeks in 2014 and 2016.

32. To the extent Jotcar claims it did not have 15 or more employees, it owned and operated multiple entities, all of which when combined exceeded well over 15 or more employees, including, but not limited to, Carney Properties; Carney Properties & Investment Group, Inc.; Carney Quality Construction, Inc.; Carney Quality Pools; and possibly even more.

33. The entities set forth above under Jotcar are considered a single employer and an integrated enterprise for purposes of counting the number of employees as there is an interrelation of operations; centralized control of labor relations; common management; and a common ownership and/or financial control.

## CONDITIONS PRECEDENT

34. Plaintiff was intentionally and sexually discriminated and retaliated against by Defendant.

35. Plaintiff filed her Charge of Discrimination with the EEOC and the FCHR within 300 days of the discrimination and retaliation, a copy being attached as **Exhibit A.**

36. Plaintiff's Charge of Discrimination was timely filed.

37. The EEOC issued its "Right to Sue" letter on or about February 28, 2019, which Plaintiff subsequently received, a copy being attached as **Exhibit B.**

38. This action was filed on or about May 29, 2019, within 90 days of the receipt of the "Right to Sue" letter.

39. This action was timely filed.

40. All conditions precedent have occurred and/or have been waived.

## ATTORNEY'S FEES, COSTS AND PRE-JUDGMENT INTEREST

41. Plaintiff has employed the undersigned attorney and agreed to pay him a reasonable attorney's fee and the costs of the action

42. Plaintiff is entitled to have her attorney awarded a reasonable attorney's fee, trial fees, and the costs of the action if she prevails pursuant to Title VII, 42 U.S.C. § 2000e-5(k) and

2000e-2; the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988; the FCRA, § 760.11, Florida Statues.

43. Plaintiff is entitled to costs and pre-judgment interest if she prevails.

## COUNT I
## (SEX DISCRIMINATION, TITLE VII)

44. This is an action for discrimination because of sex in violation of Title VII, 42 U.S.C. § 2000e-(k).

45. Paragraphs 1-43 are re-alleged.

46. Defendant discriminated against Plaintiff based upon her sex in violation of the Title VII.

47. Defendant acted with malice or reckless indifference to the civil rights of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for damages, including, but not limited to, back pay and lost benefits such as health, dental, vision and the 401k plan, compensatory damages including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life, and any other non-pecuniary or intangible losses, punitive damages, front pay, reinstatement, attorney's fees, litigation fees and costs and pre-judgment interest, an injunction enjoining Defendant from engaging in discrimination; and, for such other affirmative action and equitable relief as appropriate.

## COUNT II
## (SEX DISCRIMINATION, FCRA)

48. This is an action for a discrimination because of sex in violation of the FCRA.

49. Paragraphs 1-43 are re-alleged.

50. Defendant discriminated against Plaintiff based upon her sex in violation of the FCRA.

51. Defendant acted with malice or reckless indifference to the civil rights of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for damages, including, but not limited to, back pay and lost benefits such as health, dental, vision and the 401k plan, future pecuniary losses, compensatory damages including, but not limited to, mental anguish, loss of dignity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and any other non-pecuniary or intangible losses and punitive damages, front pay; reinstatement, attorney's fees, litigation fees and costs and pre-judgment interest, an injunction enjoining Defendant from engaging in discrimination, and, for such other affirmative action and equitable relief as appropriate.

### COUNT III
### (RETALIATION FOR OPPOSING SEX DISCRIMINATION, TITLE VII)

52. This is an action for a retaliation for opposing sex discrimination in violation of Title VII, 42 U.S.C. § 2000e-3(a).

53. Paragraphs 1-43 are re-alleged.

54. Defendant acted with malice or reckless indifference to the civil rights of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for damages, including, but not limited to, back pay and lost benefits such as health, dental, vision and the 401k plan, compensatory damages including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life, and any other non-pecuniary or intangible losses, punitive damages, front pay, reinstatement; attorney's fees, litigation fees and costs and pre-judgment interest, an injunction enjoining Defendant from

engaging in discrimination; and, for such other affirmative action and equitable relief as appropriate.

## COUNT IV
## (RETALIATION FOR OPPOSING SEX DISCRIMINATION, FCRA)

55. This is an action for a retaliation for opposing sex discrimination in violation of § 760.10(7), Florida Statues, the FCRA.

56. Paragraphs 1-43 are re-alleged.

57. Section 760.10(7), Florida Statutes, the FCRA provides, "It is an unlawful employment practice for an employer ...to discriminate against any person because that person has *opposed* any practice which is an unlawful employment practice under this section ...." (Emphasis added).

58. Defendant acted with malice or reckless indifference to the civil rights of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for damages, including, but not limited to, back pay and lost benefits such as health, dental, vision and the 401k plan, future pecuniary losses, compensatory damages including, but not limited to, mental anguish, loss of dignity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and any other non-pecuniary or intangible losses and punitive damages, front pay; reinstatement, attorney's fees, litigation fees and costs and pre-judgment interest, an injunction enjoining Defendant from engaging in discrimination, and, for such other affirmative action and equitable relief as appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated May 29, 2019.

                                              /s/ E. Dusty Aker
                                              E. Dusty Aker, Esq.
                                              Trial Counsel, Attorney for Plaintiff
                                              Fla. Bar No.: 657166
                                              AKER Law Firm, P.A.
                                              240 S. Pineapple Ave., Ste. 803
                                              Sarasota, Fl 34236
                                              Phone: 941-462-2020
                                              Facsimile: 941-462-2022
                                              Email: dustyaker@akerlawfirm.com

cc:  Char Mohr